UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80733-CIV-RYSKAMP/VITUNAC

UNITED STATES OF AMERICA

        Petitioner,
vs.

RAPHAEL SOLOMONS,

  Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO COMPEL

THIS MATTER comes before the Court upon Petitioner's Motion for Contempt and to Compel **[DE 27, 28]** filed on July 23, 2007. Respondent responded **[DE 35]** on August 24, 2007. Petitioner replied **[DE 42]** on September 11, 2007. Also before this Court is Respondent's Motion to file *Ex Parte* and *in Camera* Submissions **[DE 34]** filed on August 24, 2007. Petitioner responded **[DE 43]** on September 11, 2007. No reply was filed.

As an initial matter, both parties violated a number of Local Rules during the litigation of these motions. First, Respondent's response to Petitioner's Motion to Compel and for Sanctions **[DE 35]** exceeded the page limit without leave of Court in violation of Local Rule 7.1(c)(2). That Rule states that no legal memorandum shall exceed twenty pages in length without leave of Court. The response was 27 pages. Likewise, Petitioner also violated Local Rule 7.1(C)(2) when it filed its reply to the same motion. That Rule explains that a reply shall not exceed 10 pages. The reply was 13 pages. Finally, Respondent also violated Local Rule 7.1 (C) by submitting a sur-reply without leave of Court. That Rule states that parties are permitted to file a motion, response, and

reply. "No further or additional memoranda of law shall be filed without prior leave of Court."  As a result of these violations, this Court has disregarded any additional pages submitted in violation of the Local Rules.  Moreover, this Court declines to consider the sur-reply in total.

The above motions concern Respondent's compliance with a summons that sought production of testimony, documents, and the execution of a consent directive.  Petitioner has already withdrawn its request for the execution of the consent directive.  It also appears that Petitioner has abandoned its request for testimony.  Thus, the only remaining issue concerns Respondent's failure to produce the requested documents.  Although Petitioner originally requested a broad range of documents, it has narrowed its request to include only "the records relating to respondent's two foreign MasterCard accounts and the related accounts used to pay the charges on the MasterCard accounts."

This Court held a hearing on Respondent's objections to the summons on March 2, 2007 at 9:30 a.m.  At this hearing, both sides litigated the Fifth Amendment issue regarding Respondent's duty to comply with the demand to produce documents.  The issue in dispute was whether the existence of the MasterCard accounts and the accounts securing the MasterCard accounts was a forgone conclusion and therefore production of the documents would not be testimonial and the Fifth Amendment would not apply.  During that hearing, this Court ruled that "I'm finding he doesn't have a Fifth Amendment privilege as to producing records.  But as far as testimony is concerned, he can invoke that when the question is asked ... And, then, if he has got records and doesn't produce them, he could be held in contempt."  The Court later explained that Respondent was required to produce documents for both the MasterCard accounts and the accounts securing the MasterCard accounts.

Since that time, Respondent attended a deposition with Petitioner and asserted his Fifth Amendment privilege as to testimony and production of documents. As a consequence, Petitioner filed its motion to compel and to hold Petitioner in contempt. Respondent's response attempts to relitigate an issue already decided by this Court during the March 2, 2007 hearing. Moreover, Respondent was warned during that hearing that his failure to produce the requested documents may result in his being found in contempt of Court. Respondent does not state in his motions that he does not possess any of the requested documents or in any way indicate that it is impossible for him to comply. Instead he responds that he should not have to produce the documents because of his Fifth Amendment privilege. Since this issue has already been ruled upon by this Court, it is hereby,

**ORDERED AND ADJUDGED** that Petitioner's Motion to Compel **[DE 27]** is **GRANTED**. The Motion for Contempt **[DE 28]** is **DENIED**. Defendant has ten days from the date of this Order to produce the above documents or a warrant will be issued for his arrest. Plaintiff is directed to inform the Court in ten days whether Defendant has produced the necessary documents. Respondent's Motion for *Ex Parte* and *in Camera* review **[DE 34]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 2 day of October, 2007.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

cc: All counsel of record